UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHAN BREEDEN #19653, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00479 |
| ) | Chief Judge Sharp |
| SHERIFF JOHN FUSON and ) | |
| MONTGOMERY COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Plaintiff Nathan Breeden, an inmate at the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against Sheriff John Fuson and the Montgomery County Jail, alleging that the conditions of his confinement violate the Eighth Amendment to the United States Constitution. (Docket No. 1).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Section 1983 Standard

Plaintiff Breeden seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Alleged Facts

The complaint alleges that the conditions of confinement at the Montgomery County Jail are unconstitutional. The plaintiff's specific allegations include, and are not limited to, there is mold growing in the sinks and in the showers; there are spiders infesting the cells; the ventilation system is clogged; some cells lack sprinkler heads; there are no emergency call buttons to alert jail guards of an emergency; the guards watch inmates shower; the inmates do not get enough time in the dark for sleeping; the inmates are not provided with water or access to restrooms during recreation time; and that the unsanitary conditions of the jail caused the plaintiff to develop hepatitis B, and he had to be hospitalized for treatment. (Docket No. 1 at pp. 5, 7). The complaint also alleges that the

Montgomery County Jail does not provide programs for Tennessee Department of Corrections inmates. (*Id.* at p. 7).

## V. Analysis

### A. Claims against the Montgomery County Jail

As to the plaintiff's claims against the Montgomery County Jail, a jail or workhouse is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Montgomery County Jail, and all claims against the Montgomery County Jail will be dismissed.

### B. Claims about the lack of inmate programs at the jail

The complaint alleges that Tennessee Department of Corrections inmates who are housed at the Montgomery County Jail do not have the opportunity to participate in certain educational or rehabilitative programs while incarcerated. However, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. Corrs. Corp. of Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999). Thus, as to these allegations, the complaint fails to state an Eighth Amendment claim upon which relief can be granted, and that claim must be dismissed.

3

## C. Actionable claims

The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes*, 101 S. Ct. 2400. However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

The plaintiff alleges that the conditions of confinement at the Montgomery County Jail are unsanitary and unsafe. He specifically alleges that, as a result of the unsanitary conditions, he was diagnosed with hepatitis B and was hospitalized for over a week for treatment. In addition, to the extent that the plaintiff asserts that his Eighth Amendment rights are violated by having to expose his naked body to female guards while showering or performing bodily functions, he has stated a colorable claim. *See Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *7 (M.D. Tenn. Jun. 10, 2010)(an inmate states a colorable claim if he alleges that guards of the opposite sex regularly viewed him nude while showering); *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004)(recognizing that "a prison policy forcing prisoners . . . to be exposed to regular surveillance by officers of the opposite sex while naked–for example while in the shower or using a toilet in a cell–would provide the basis of a claim on which relief could be granted"). Consequently, the Court finds that the complaint states colorable Eighth Amendment claims based on the allegations pertaining to the conditions of the plaintiff's confinement. 28 U.S.C. § 1915A.

Thus, the Court will allow these claims to proceed against the remaining defendant for further development.

**VII.    Conclusion**

As set forth above, the plaintiff has stated colorable conditions of confinement claims against defendant John Fusion in his individual capacity under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  These claims will be allowed to proceed for further development.

However, the plaintiff's claim against the Montgomery County Jail fail to state a § 1983 claim upon which relief can be granted, and that claim must be dismissed under the PLRA.  In addition, the plaintiff's claim that the Montgomery County Jail fails to provide certain programs to inmates fails to state a § 1983 claim upon which relief can be granted.  That claim, too, must be dismissed.

An appropriate order will follow.

_____
Kevin H. Sharp
Chief United States District Judge